398 So.2d 992 (1981)
Chris BENTLEY, Director, Division of Administrative Hearings, and William E. Williams, Appellants,
v.
STATE ex rel. Alex ROGERS et al., Appellees.
No. 80-1348.
District Court of Appeal of Florida, Fourth District.
May 20, 1981.
*993 Jim Smith, Atty. Gen., and John Rimes, Asst. Atty. Gen., Tallahassee, for appellants.
Alan H. Schreiber, Public Defender, and Channing E. Brackey, Asst. Public Defender, Fort Lauderdale, for appellees.
BERANEK, Judge.
The Director of the Division of Administrative Hearings, an executive officer appeals from an order entered by the Circuit Court of Broward County which found certain portions of Chapter 394, Florida Mental Health Act, unconstitutional. The specific portions of the Act found unconstitutional were Sections 394.459(3)(a) and 394.467(4)(h), Florida Statutes (1979). We agree and affirm.
Appellant is the director of the Division of Administrative Hearings and is charged with responsibility pursuant to the aforementioned statutes of carrying out hearings to determine the competency of mental patients to consent to treatment. Appellees are patients of the South Florida State Hospital. They were admitted to the hospital on an involuntary basis pursuant to Chapter 394, Florida Statutes. None of the appellees have been adjudicated incompetent by a court in the State of Florida under the procedure set forth in Chapter 744, Florida Statutes. The authorities at the South Florida Hospital desired to administer medication and other forms of treatment to these patients. The patients refused to consent to said treatment and the authorities at the hospital sought an order from a hearing officer to the effect that the patients were incompetent to consent to treatment. The particular statutes in question are as follows. Section 394.459, Florida Statutes (1979) provides:
(3) RIGHT TO EXPRESS AND INFORMED PATIENT CONSENT. 
(a) All persons entering a facility shall be asked to give express and informed consent for treatment after disclosure to the patient if he is competent, or his guardian if he is a minor or is incompetent, of the purpose of the treatment to be provided, the common side effects thereof, alternative treatment modalities, the approximate length of care, and that any consent given by a patient may be revoked orally or in writing prior to or during the treatment period by the patient or his guardian.
If a voluntary patient refuses to consent to or revokes consent for treatment, such patient shall be discharged within 3 days or, in the event the patient meets the criteria for involuntary placement, such proceedings shall be instituted within 3 days. If any patient refuses treatment and is not discharged as a result, treatment may be rendered such patient in the least restrictive manner on an emergency basis, upon the written order of a mental health professional when such mental health professional determines treatment is necessary for the safety of the patient or others. If any patient refuses to consent to treatment or revokes consent previously provided, and if, in the opinion of the patient's mental health professional, the treatment not consented to is essential to appropriate care of such patient hereunder, then the administrator shall immediately petition the hearing examiner for a hearing to determine the competency of the patient to consent to treatment. If the hearing examiner finds that the patient is incompetent *994 to consent to treatment, he shall appoint a guardian advocate, who shall act on the patient's behalf relating to provision of express and informed consent to treatment. A guardian advocate appointed pursuant to the provisions of this act shall meet the qualifications of a guardian contained in part IV of chapter 744, except that no mental health professional, department employee, or facility administrator shall be appointed.
Section 394.467(4)(h), Florida Statutes (1979) provides:
(4) PROCEDURE FOR CONTINUED INVOLUNTARY PLACEMENT. 
* * * * * *
(h) At any hearing hereunder, the hearing examiner shall consider testimony and evidence regarding the patient's competence to consent to treatment. If the hearing examiner finds that the patient is incompetent to consent to treatment, he shall appoint a guardian advocate who shall act on the patient's behalf relating to the provision of express and informed consent to treatment. If the hearing examiner finds the patient is competent to consent to treatment, then the patient's competence shall be restored, and any guardian advocate previously appointed shall be discharged.
The trial court found both statutes unconstitutional as encroachments upon the power of the judicial branch of government in that a hearing officer rather than a court is authorized to make the determination of competency.
Article II, Section 3 of the Florida Constitution provides as follows:
SECTION 3. Branches of government.  The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein. (Emphasis supplied.)
The "judicial branch" of government is described in Article V of the Florida Constitution. Article V, Section 1, provides as follows:
SECTION 1. Courts.  The judicial power shall be vested in a supreme court, district courts of appeal, circuit courts and county courts. No other courts may be established by the state, any political subdivision or any municipality. The legislature shall, by general law, divide the state into appellate court districts and judicial circuits following county lines. Commissions established by law, or administrative officers or bodies may be granted quasi-judicial power in matters connected with the functions of their offices.
From the constitution it appears obvious there shall be separation of powers in the government of this state, and that there shall be an independent judicial branch of government. Jurisdiction of the courts within the judicial branch is specifically dealt with in the schedule stated in Section 20, Article V of the Constitution. This schedule provides as follows:
SECTION 20. Schedule to Article V. 
(a) This article shall replace all of Article V of the Constitution of 1885, as amended, which shall then stand repealed.
(b) Except to the extent inconsistent with the provisions of this article, all provisions of law and rules of court in force on the effective date of this article shall continue in effect until superseded in the manner authorized by the constitution.
(c) After this article becomes effective and until changed by general law consistent with sections 1 through 19 of this article:
* * * * * *
(3) Circuit courts shall have jurisdiction of appeals from county courts and municipal courts, except those appeals which may be taken directly to the supreme court; and they shall have exclusive original jurisdiction in all actions at law not cognizable by the county courts; of proceedings relating to the settlement of the estate of decedents and minors, the granting of letters testamentary, guardianship, *995 involuntary hospitalization, the determination of incompetency, and other jurisdiction usually pertaining to courts of probate; in all cases in equity including all cases relating to juveniles; of all felonies and of all misdemeanors arising ...
(Emphasis supplied.)
In response to the language indicated above, appellant makes alternative arguments. Appellant initially urges the legislature has, by general law, removed "the determination of incompetency" from the jurisdiction of Circuit Courts. As a secondary argument, appellant contends that, even if "the determination of incompetency" were a matter exclusively within the judicial function, the issue of incompetency to consent to mental treatment is some lesser determination which is not within the exclusive judicial function.
We reject both arguments. Article V, Section 20, Subsection (c) does not authorize removal of purely judicial functions from the courts by virtue of general law. Purely judicial functions must remain within the judicial branch. Sub-section (c) merely allows the legislature by general law and consistent with all other provisions of Article V, to allocate those functions between the circuit courts and the county courts but not to remove them entirely from judicial consideration.
As to appellant's secondary argument, we have no hesitancy in concluding that a determination that an individual is incompetent to consent to treatment is of a sufficient magnitude to fall within the constitutionally mandated description of "guardianship, involuntary hospitalization, the determination of incompetency, and other jurisdiction usually pertaining to courts of probate." The result of a determination that a patient is incompetent to consent to treatment is that a guardian advocate is appointed who may in turn consent to the treatment or make other decisions for the unwilling patient. The decision as to whether a person will be compelled to accept treatment chosen by another is basic to personal liberty and freedom. A determination that a person is incompetent to consent is clearly within the constitutionally described jurisdiction of the circuit court and is of a judicial nature.
We therefore conclude that the statutes aforementioned are unconstitutional. We consider it unnecessary to reach the issue considered by the trial court as to the lack of statutory standards or vagueness in regard to determinations of incompetency to consent to treatment. We find all remaining arguments by appellant to be without merit and do not comment thereon. The order below is affirmed in accordance with this opinion.
AFFIRMED.
HERSEY, J., and SCHWARTZ, ALAN R., Associate Judge, concur.