HERSEY, Chief Judge.
This is an appeal from an order adjudicating Elizabeth Russo incompetent. The incompetency hearing was conducted by a general master and based upon his report a judge of the circuit court entered the adjudication.
The issue is whether a hearing to determine an individual’s legal competency may be delegated to a master. We have previously held that the determination of incompetency is a purely judicial function. Bentley v. State ex rel. Rogers, 398 So.2d 992 (Fla. 4th DCA 1981).
In Tucker v. Diodato, 321 So.2d 569 (Fla. 4th DCA 1975), we held that a circuit court order accepting, ratifying and confirming a special master’s determination that an individual should be involuntarily hospitalized, cured any defect in the detention. That case is clearly distinguishable, however, as it was based upon chapter 394, Florida Statutes, to which the Florida Rules of Civil Procedure are applicable. Rule 1.490, Florida Rules of Civil Procedure, provides for the appointment of masters.
The present case arises under the guardianship statute, chapter 744, Florida Statutes, to which the Rules of Probate and Guardianship Procedure apply. Those rules include no provision for the appointment of a master.
We therefore hold that the order of incompetency in this case is void. The additional points on appeal are thereby rendered moot and we remand for such proceedings as the parties may deem appropriate.
REVERSED AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.